UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON JEFFRIES,

       Plaintiff,                                       Case No. 1:18-cv-615

v.                                                         Hon. Robert J. Jonker

LAFRANCA ENTERPRISES, LLC.,
d/b/a AMORE PIZZA, et al,

       Defendants.
_____/

**PROTECTIVE ORDER**

       This matter having come before the Court on Defendants' Motion to Quash Third-Party Subpoenas, and the parties having had an opportunity to be heard;

       THE COURT FINDS that documents or information containing confidential, personal, proprietary, and/or business information or trade secrets that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in the above-captioned action (the "Litigation"); and

       THE COURT FINDS that documents or information containing confidential, personal, proprietary, and/or business information or trade secrets of third-parties are likely to be disclosed or produced during the court of discovery in this Litigation;

       THE COURT FINDS that the parties to this Litigation may assert that dissemination and disclosure of such documents or information could severely injure or damage the party disclosing or producing the documents or information;

       WHEREFORE, to protect the respective interests of the parties and third-parties, and to facilitate the progress of disclosure and discovery in this case, IT IS SO ORDERED:

1. "Confidential Information" shall mean any and all information produced or disclosed on or after the date of this Order's entry, containing or consisting of confidential, personal, proprietary, and/or business information or trade secrets. Such Confidential Information shall specifically include, but is not necessarily limited to: (a) business and financial information and records of any party to this Litigation, including any tax returns or attachments or schedules prepared in conjunction with tax returns or in accordance with any tax or reporting obligations; (b) financial, disciplinary, employment, medical, or otherwise sensitive personal information of any current or former employee of Defendants LaFranca Enterprises, LLC, LaFranca Enterprises II, LLC, and/or Franco LaFranca; and (c) any sensitive information of a personal nature regarding any individual, including but not limited to home address, work, home or cell phone numbers, email addresses, and information regarding family members, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

2. Documents containing Confidential Information ("Confidential Documents") shall be clearly identified by parties and third parties with a label on each page of the document or transcript designating the documents "Confidential" and shall be treated as such.

3. "Protected Documents" shall mean all documents produced in this lawsuit after the entry of this Protective Order, regardless of whether any particular document was or could have been designed Confidential, except as provided in Paragraph 4.

4. Protected Documents shall not include (a) publicly available advertising materials, or (b) materials that on their face show that they have been published to the general public.

5. Protected Documents and the information contained within them shall be used exclusively for the purpose of prosecuting or defending the claims in the Litigation. When the Litigation concludes with entry of a final order closing the case, there shall be no purpose for which the any recipient of Protected Documents may use the Protected Documents or the information contained within them.

6. Notwithstanding any other provision of this Protective Order, the protections and limitations applicable to "Confidential Information," "Confidential Documents" and "Protected Documents" and afforded by this Protective Order shall apply with equal force and validity to all information, documents, materials and records produced in response to Plaintiff's November 30, 2018 subpoenas to Timothy K. Hutchens, CPA, P.C., Old National Bank, and Integrity Payroll Services.

7. At any time after the disclosure, delivery, or production of Protected Documents marked Confidential by parties or third parties, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the Confidential designation is appropriate, the party or parties seeking to designate documents as Protected Documents may seek relief from the Court to obtain Court approval of the designation of Confidentiality. The party or parties seeking to have a document designated as Confidential shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. The prevailing party shall be entitled to receive its costs and fees incurred in bringing or defending against the motion. All Protected Documents designated Confidential are entitled to confidential treatment pursuant to

the terms of this Agreement until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

8. Confidential Documents shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

9. Confidential Documents and Confidential Information may be used, shown, disseminated, copied, disclosed or communicated only to the following persons ("Qualified Persons");

    a. Any party receiving Confidential Documents;

    b. Counsel of record in this Litigation for the party receiving Confidential Documents;

    c. Employees of each party and counsel, but only as reasonably necessary for the prosecution or defense of this Litigation;

    d. Experts, investigators and consultants retained to assist in the preparation and trial of this Litigation;

    e. Court reporters and stenographers;

    f. Any non-party witness during the course of, or in preparation for, a deposition or trial in this Litigation, solely in connection with such testimony, and provided that such witness agrees to be bound by this Agreement; and

    g. Any court, whether state or federal, with jurisdiction over this Litigation as well as its personnel.

10. The term "copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

11. To the extent that Confidential Documents or Confidential Information are used in depositions, such documents or information shall remain subject to the provisions of this Agreement, along with the transcript pages of the deposition testimony referring to the Confidential Documents or Confidential Information contained therein. Any page or pages of a deposition designated as Confidential, including exhibits, shall be segregated by the court reporter from the pages and exhibits not designated as Confidential and shall be maintained in a separate transcript in the same manner as other Confidential Documents. Until such time as the Confidential Documents or Confidential Information contained in a deposition transcript are properly segregated by the court reporter, the entirety of the deposition and its exhibits shall be treated as Confidential.

12. Any party wishing to include, disclose, or attach any Confidential Document or Confidential Information as part of or with any pleading, motion, brief or other paper filed with the Court, shall move to have the material filed under seal in accordance with the Court's applicable rules, including but not limited to Local Rule 10.6 of the United States District Court for the Western District of Michigan. The Court rarely grants these motions, especially for any document used by any party to support a claim or defense.

13. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated Confidential shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

14. The party or parties receiving Confidential Documents or Confidential Information shall not under any circumstances sell, offer for sale, advertise, or publicize Confidential Documents or Confidential Information.

15. After termination of this Litigation, the provisions of this Agreement shall continue to be binding, except with respect to those documents that become a matter of public record by stipulation or by Court order. The parties agree that any Court with jurisdiction over this Litigation retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents or the information contained therein for enforcement of the provisions of this Agreement following termination of this Litigation.

16. Within thirty (30) days of the conclusion of this Litigation by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall either (a) return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents, or (b) destroy such Protected Documents and certify to the counsel for the party or parties disclosing or producing the Protected Documents such destruction in writing. The party or parties receiving the Protected Documents shall be entitled to retain any attorney work product which refers or relates to Protected Documents, subject to the limitations in this Agreement. Attorney work product may be used in subsequent Litigation provided that such use does not disclose or identify Protected Documents or Confidential Information.

17. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO ORDERED.**

Dated:  April 30, 2019                         /s/ Ray Kent
                                               RAY KENT
                                               United States Magistrate Judge